In re ZOLTEK CORPORATION,
Petitioner.

Misc. No. 157.

United States Court of Appeals,
Federal Circuit.

Aug. 2, 2013.

Dean A. Monco, John S. Mortimer, Wood Phillips Katz Clark & Mortimer, Chicago, IL, for Petitioner.

Gary Lee Hausken, Assistant Director, Department of Justice, Washington, DC, for Respondent.

Before RADER, Chief Judge, BRYSON, and WALLACH, Circuit Judges.

## ON PETITION

## ORDER

BRYSON, Circuit Judge.

Zoltek Corporation seeks a writ of mandamus directing the United States Court of Federal Claims to allow additional discovery.

Zoltek owns United States Patent No. Re. 34,162 (the '162 patent), entitled "Controlled Surface Electrical Resistance Carbon Fiber Sheet Product." Zoltek brought suit in the Court of Federal Claims, alleging that the government's use of the F22 Fighter and B–2 Bomber jets infringed the '162 patent.

On June 7, 2013, the Court of Federal Claims issued an order determining that it would be the most appropriate and efficient course to bifurcate the trial and first decide patent validity before addressing any other issue. The court did so over Zoltek's objection that further discovery regarding the manufacturer of the F–22 could yield additional evidence in regard to secondary considerations of non-obviousness. The court's order noted its belief that the discovery sought by Zoltek would ultimately be irrelevant to the state of affairs at the time of the invention, and that Zoltek could have already conducted such discovery during the pendency of the litigation.

Zoltek seeks mandamus to review the Court of Federal Claims' decision to deny it additional discovery before trial, but the arguments on which it relies do not meet our requirements for such extraordinary relief. Specifically, Zoltek has not shown a lack of adequate alternative means to obtain the relief it seeks. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). Zoltek effectively concedes that it can obtain review of the discovery issue after appeal from final judgment. *See generally*

*Am. Airlines, Inc. v. United States*, 551 F.3d 1294, 1307 (Fed.Cir.2008). Zoltek asserts prejudice in the fact that it may take years to successfully appeal from an adverse ruling. However, potential "judicial inconvenience and hardship," is insufficient to warrant mandamus, *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953), and Zoltek has not established that the inability to conduct this additional discovery effectively precludes it from litigating the merits of its case or that trial would in essence be a waste of judicial resources.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.